Nos. 21-16983, 22-15102, 24-1948

---

# In the United States Court of Appeals
# for the Ninth Circuit

---

NATIONAL ABORTION FEDERATION,

*Plaintiff-Appellee,*

v.

CENTER FOR MEDICAL PROGRESS, et al.

*Defendants-Appellants.*

---

On Appeal from the United States
District Court for the Northern District of California,
No. 16-cv-3522

---

## Opening Brief of Defendants-Appellants

---

Harmeet K. Dhillon
Mark P. Meuser
Jesse Franklin-Murdock
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
harmeet@dhillonlaw.com
mmeuser@dhillon.law.com
jfm@dhillonlaw.com

John M. Reeves
REEVES LAW LLC
7733 Forsyth Blvd.,
    Suite 1100–#1192
St. Louis, MO 63105
314-775-6985
reeves@appealsfirm.com
*Attorneys for Appellants the*
*Center for Medical Progress,*
*BioMax Procurement Services,*
*LLC, and David Daleiden*

Matthew J. Geragos
GERAGOS LAW GROUP
700 N. Brand Blvd.
Glendale, CA 91203
213-232-1363
matthew@geradoslaw.com
*Attorney for Appellants Steven*
*Cooley and Brentford Ferreira*

## CORPORATE DISCLOSURE STATEMENT

Defendant-Appellant Center for Medical Progress is a nonprofit public benefit corporation organized under the laws of the State of California. It does not have any parent corporation, and no publicly held corporation owns ten percent or more of its stock.

Defendant-Appellant BioMax Procurement Services, LLC, is a privately held limited liability company, wholly owned by the Center for Medical Progress. No publicly held corporation owns ten percent or more of its stock.

## TABLE OF CONTENTS

Corporate Disclosure Statement ...................................................3

Table of Contents ........................................................................4

Table of Authorities .....................................................................6

Jurisdictional Statement ..............................................................8

    I.   Complete diversity jurisdiction existed for NAF's state law claims. ..............................................................................8

    II.  This Court has appellate jurisdiction over both the bill of costs and the order awarding attorneys' fees. .............................8

Statement of the Issues .................................................................9

Statement of the Case ................................................................10

    I.   Background and procedural history ............................................10

    II.  The district court awarded NAF attorneys' fees and costs based on a single sentence in the relevant contractual provision that only provides for "reimbursement" for "incurred" attorneys' fees and costs. ...........................................11

Summary of the Argument ........................................................12

Standard of Review and Preservation Statement ..................................13

Argument ..................................................................................14

    I.   Because the Exhibitor Agreements only provided that NAF would be "reimbursed" for any incurred attorneys' fees and costs, the district court erred in awarding fees and costs to NAF given that it had pro bono legal representation. (Issue 1) ...................................................................................14

Conclusion ................................................................................20

Certificates ............................................................................. 22

TABLE OF AUTHORITIES

## Cases

*Beverly Hills Properties v. Marcolino,*
    221 Cal.App.3d Supp. 7 (1990) ........................................................ 18

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.,*
    342 F.3d 1016 (9th Cir. 2003) ........................................................ 13

*Costco Wholesale Corp. v. Hoen,*
    538 F.3d 1128 (9th Cir. 2008) ........................................................ 13

*Hanna Boys Ctr. v. Miller,*
    853 F.2d 682 (9th Cir. 1988) .......................................................... 8

*In re Bard IVC Filters Product Liability Litigation,*
    81 F.4th 897 (9th Cir. 2023) .......................................................... 8

*In re Suarez Garcia,*
    603 B.R. 640 (Bankr. E.D. Cal. 2019) ............................................ 15

*Kona Enterprises, Inc. v. Estate of Bishop,*
    229 F.3d 877 (9th Cir. 2000) ........................................................ 14

*Lolley v. Campbell,*
    28 Cal. 4th 367 Cal. 2002) ........................................................... 18

*Lowery v. Rhapsody Int'l, Inc.,*
    75 F.4th 985 (9th Cir. 2023) ........................................................ 13

*Maynard v. BTI Group, Inc.,*
    157 Cal. Rptr. 3d 148 (Cal. App. 1st Dist. 2013) ............................ 15

*Meier v. Colvin,*
    727 F.3d 867 (9th Cir. 2013) ........................................................ 13

*Moran v. Oso Valley Greenbelt Ass'n,*
    117 Cal. App. 4th 1029 (Cal. App. 4th Dist. 2004) .......................... 18

*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC,*
  398 P.3d 556 (Cal. 2017) ...................................................................... 14

*Nat'l Abortion Fed'n v. Ctr. for Med. Progress,*
  793 F. App'x 482 (9th Cir. 2019) ............................................................ 8

*Rosenauer v. Scherer,*
  88 Cal. App. 4th 260 (Cal. App. 3d Dist. 2001) .................................. 18

*See Intl. Billing Services, Inc. v. Emigh,*
  84 Cal.App.4th 1175 (Cal. App.3d Dist. 2000) .................................. 18

*Trope v. Katz,*
  902 P.2d 259 (Cal. 1995) .................................................................... 15

*TruGreen Companies, LLC v. Mower Bros., Inc.,*
  570 F. App'x 775 (10th Cir. 2014) ................................................. 16, 17

*Voice v. Stormans Inc.,*
  757 F.3d 1015 (9th Cir. 2014) ............................................................ 19

## Statutes

28 U.S.C. § 1291 ....................................................................................9

28 U.S.C. § 1332 ....................................................................................8

Cal. Civil Code § 1717(a) ............................................................... passim

## Rules

Fed. R. App. P. 4(a)(1) ...........................................................................9

## Other Authorities

*The American Heritage Dictionary of the English Language* (1981) ....16

*The Concise Oxford Dictionary of English Etymology* (1986) ...............17

*Webster's New International Dictionary* (1961) ....................................15

## JURISDICTIONAL STATEMENT

### I. Complete diversity jurisdiction existed for NAF's state law claims.

A prior panel of this Court concluded, in an earlier appeal, that complete diversity jurisdiction existed under 28 U.S.C. § 1332 for NAF's state law claims, including its breach of contract claim under California law that forms the basis for these appeals. *See Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 793 F. App'x 482, 484 n.1 (9th Cir. 2019); (2-ER-164). This is the law of the case (2-ER-164). *See Hanna Boys Ctr. v. Miller*, 853 F.2d 682, 686 (9th Cir. 1988).

### II. This Court has appellate jurisdiction over both the bill of costs and the order awarding attorneys' fees.

The Bill of Costs that the district court entered on October 26, 2021 (1-ER-33-35), the Order setting the amount of trial-level attorneys' fees the district court entered on December 23, 2021 (1-ER-17-32), the district court's amended judgment awarding attorneys' fees entered on February 1, 2022, and the district court's order of March 25, 2024, awarding appellate-level attorneys' fees (1-ER-3-14-16) were all final judgments for purposes of appeal. *See In re Bard IVC Filters Product Liability Litigation*, 81 F.4th 897, 905 (9th Cir. 2023) ("In determining whether fee awards are final for purposes of [appeal], we consider

8

whether there was a final judgment on the merits, and whether there was a final determination on the fees question."). Each of these orders were timely appealed on November 24, 2021 (5-ER-1141), January 21, 2022 (5-ER-1121) February 8, 2022 (5-ER-1096), and March 25, 2024. 5-ER-1093). *See* Fed. R. App. P. 4(a)(1) (requiring a notice of appeal to be filed within 30 days of the entry of final judgment). This Court accordingly has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.  Under California law, the prevailing party is entitled to attorneys' fees and costs in a breach of contract claim if the terms of the contract so provide. Here, the relevant contract provides that the losing party shall "reimburse" NAF as the prevailing party for all attorneys' fees and costs "incurred" in litigating the case, but NAF's legal counsel was pro bono, meaning that there were no attorneys' fees to "reimburse" NAF for. Did the district court err in concluding NAF was entitled to attorneys' fees and costs?

9

STATEMENT OF THE CASE

## I. Background and procedural history.

These consolidated appeals are from court orders awarding both trial-level and appellate-level attorneys' fees and costs following the issuance of a preliminary injunction against Defendants The Center for Medical Progress, BioMax Procurement Services, Inc., and David Daleiden (collectively ""CMP, et al.") on NAF's breach of contract claim under California law. (1-ER-3-35). Contemnors Steven Cooley and Brentford Ferreira likewise appeal the district court's award of appellate-level attorneys' fees that NAF incurred in defending the district court's finding of contempt against them on appeal. (1-ER-14-16). Causes 21-1698 and 22-15102—CMP, et al.'s appeal of the award of trial-level attorney's fees and costs—were originally consolidated by this Court and stayed pending resolution of CMP, et al., and Contemnors' merits appeal of the permanent injunction and sanctions order. (No. 21-16983, Doc.10). This Court stayed the issuance of its mandate in the merits appeal pending the disposition of CMP, et al.'s petition for a writ of certiorari before the Supreme Court of the United States. After the Supreme Court issued its mandate, the case returned to the district

court to determine the issue of attorneys' fees that NAF incurred in defending the merits judgment on appeal. On remand, CMP, et al., also filed a motion for relief under Fed. R. Civ. P. 60(b)(5). The district court subsequently issued an order awarding NAF appellate-level attorneys' fees against both CMP, et al., and Contemnors. (1-ER-3-13). Both CMP, et al., and Contemnors collectively appealed that order, which this Court docketed as Case No. 24-1948. This Court subsequently consolidated this third appeal with the other two appeals and lifted the stay. (2-ER-38).

## II. The district court awarded NAF attorneys' fees and costs based on a single sentence in the relevant contractual provision that only provides for "reimbursement" for "incurred" attorneys' fees and costs.

NAF has been represented by pro bono counsel during this entire litigation. (4-ER-890). The entire basis for NAF's claim to attorneys' fees and costs was a single sentence of the contractual provision at issue here—two Exhibitor Agreements—which states, "Exhibitors agree to reimburse NAF for all costs incurred by NAF, including reasonable attorneys' fees, in handling or responding to any violations of any provision of this entire Agreement." (1-ER-18; Doc.225-6; Doc.225-7). Relying on this provision, the district court awarded NAF $6,339,196.60

11

in attorneys' fees, $29,358.30 in non-taxable costs (1-ER-15), and $26,564.07 in taxable costs. (1-ER-34). It subsequently awarded NAF $4,798,137.50 in attorneys' fees against CMP, et al., for litigating the merits appeal of the preliminary injunction, and $215,256.60 in attorneys' fees against Contemnors for the appellate work it incurred in litigating the contempt finding on appeal. (1-ER-11, 13).

## SUMMARY OF THE ARGUMENT

A party may recover attorneys' fees and costs in a breach of contract case if the contract's language so provides. Here, the district court concluded that NAF was entitled to attorneys' fees and costs because of language in Exhibitor Agreements declaring that CMP, et al., agreed to "reimburse" NAF for any attorneys' fees and costs "incurred" in any litigation relating to the agreements. The district court erred in doing so because the term "reimburse" means to "repay," and here NAF never paid for any legal fees it may have incurred in the first place because its entire legal representation was pro bono. This legal error on the part of the district court in interpreting the Exhibitor Agreements mandates reversal of the award of attorneys' fees and costs to both CMP, et al., and Contemnors.

12

### STANDARD OF REVIEW AND PRESERVATION STATEMENT

A district court's rulings on attorneys' fees and costs are reviewed for an abuse of discretion. *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 991 (9th Cir. 2023) (attorneys' fees); *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003) (costs). "A district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible[,] or without support in inferences that may be drawn from the record." *Meier v. Colvin*, 727 F.3d 867, 869-70 (9th Cir. 2013). But "[a]ny elements of legal analysis and statutory interpretation that figure in the district court's attorneys' fees decision are reviewed de novo." *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1132 (9th Cir. 2008) (quoting *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002).

CMP, et al., preserved its argument set forth in Issue 1 by raising it in its opposition to NAF's motion for trial-level attorneys' fees (2-ER-207), incorporating it by reference into its objection to NAF's bill of costs

(2-ER-194-95), and raising it in its opposition to NAF's motion for

appellate-level attorneys' fees. (2-ER-66-67).

ARGUMENT

I. **Because the Exhibitor Agreements only provided that NAF would be "reimbursed" for any incurred attorneys' fees and costs, the district court erred in awarding fees and costs to NAF given that it had pro bono legal representation. (Issue 1)**

"A federal court sitting in diversity applies the law of the forum

state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v.*

*Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). There is no dispute

that California state law applies here. California follows the American

Rule, under which each party is normally responsible for its own fees

and costs in litigation. *Mountain Air Enterprises, LLC v. Sundowner*

*Towers*, *LLC*, 398 P.3d 556, 560 (Cal. 2017). Nevertheless, parties may

provide for the allocation of attorneys' fees. *Id*. at 560-61. What's more,

attorneys' fees are to be awarded "[i]n any action on a contract, where

the contract specifically provides that attorney's fees and costs, which

are incurred to enforce that contract . . . ." Cal. Civil Code § 1717(a). But

"before section 1717 comes into play, it is necessary to determine

whether the parties entered an agreement for the payment of attorney

fees, and if so, the scope of the attorney fee agreement." *Mountain Air*,

14

398 P.3d at 561 (Cal. 2017) (quoting *Maynard v. BTI Group, Inc.*, 157 Cal. Rptr. 3d 148, 151 (Cal. App. 1st Dist. 2013)). In other words, section 1717 "does not create a substantive right to attorney's fees, but does provide that if a contract purports to entitle [that] only one of the parties may recover attorney's fees . . . then the provision is reciprocal." *In re Suarez Garcia*, 603 B.R. 640, 647 (Bankr. E.D. Cal. 2019).

Here, the relevant contractual language provided that CMP, et al., "agree[d] to reimburse NAF for all costs incurred by NAF, including reasonable attorney's fees, in handling or responding to any violations of any provision of this entire Agreement." (Doc.225-6). The California Supreme Court, in turn, has defined "incurring a fee" as meaning "to 'become liable for it, i.e., to become obligated to *pay* it." *Trope v. Katz*, 902 P.2d 259, 263 (Cal. 1995) (quoting *Webster's New International Dictionary* 1146 (1961)). But critically, the language does not say that NAF shall be "awarded" reasonable attorneys' fees or costs that have been incurred. *Compare with* § 1717(a) (making the statute applicable only to contracts which provide that fees and costs shall be "awarded" to the prevailing party.) Rather, it declares that NAF shall be "reimburse[d]" for all such fees and costs. (Doc.225-6). The term

15

"reimburse" means "[t]o repay." *The American Heritage Dictionary of the English Language* 1097 (1981). In other words, if payment has not been made beforehand, by definition no reimbursement can be made, even if a fee has been "incurred." By contrast, the term "award" means "[t]o grant as merited or due." *Id*. at 92. There is no precondition that payment have previously been made under this definition.

In light of the above, it cannot be said that NAF was entitled to be "reimbursed" for "incurred" attorneys' fees it never paid in the first place. Since its legal representation was completely pro bono, it never paid for any fees in the first place, regardless of whether such fees may have "incurred" to it or not. The Tenth Circuit, in an opinion written by then-Circuit Judge Neil Gorsuch, arrived at a similar conclusion in interpreting Utah's version of section 1717. *See TruGreen Companies, LLC v. Mower Bros., Inc.*, 570 F. App'x 775 (10th Cir. 2014). There, former employees sought attorneys' fees against their former employer after prevailing on the merits in their litigation against it. *Id*. at 776. The contract in question provided that if the employer won, it "retained the right to seek 'reimburse[ment]' from its employees for 'all attorneys' fees and costs incurred by [the company] in enforcing any of its

16

contractual rights or remedies." *Id*. at 777. The employees maintained
that under Utah's fee-shifting statute, this entitled them to attorneys'
fees and costs. But by the time the former employees had brought suit,
their new employer had "assumed sole liability for all of the employees'
litigation fees and costs." *Id*. Under the plain language of the contract
and the plain definition of "reimburse," "there [was], quite literally,
nothing to *reimburse* them for—nothing to '*return* to their purse.'" *Id*.
(quoting *The Concise Oxford Dictionary of English Etymology* 396
(1986)). Thus, Utah's fee-shifting statute was irrelevant because
"beyond guaranteeing reciprocity, the law doesn't create any new rights.
In other words, each party's right to recover is the inverse of the other's
no more and no less." *Id*.

The district court tried to escape the natural reading of *TruGreen* by
dismissing it as not being a Ninth Circuit case and as not applying
California law. (1-ER-22). It focused on the language of Section 1717
and characterized California appellate courts interpreting that statute
as having rejected the argument "that simply where a party is fortunate
enough to secure pro bono counsel or otherwise does not pay out of
pocket for its attorney fees, the losing party on a contract with an

17

attorney fees provision should receive a windfall and avoid paying fees to the prevailing party." (1-ER-10-11, 22-23). But critically, none of the cases the district court cited involved an interpretation of the word "reimburse." Rather, all of the cited cases either focused on the word "incurred" as used in Section 1717 or involved a matter totally unrelated to contractual language regarding attorneys' fees. *See Intl. Billing Services, Inc. v. Emigh*, 84 Cal.App.4th 1175, 1192 (Cal. App.3d Dist. 2000) (ruling that "incurred" did not mean the prevailing party actually had to pay the fees in question, but not analyzing the meaning of the term "reimburse," which was also part of the contract); *Beverly Hills Properties v. Marcolino*, 221 Cal.App.3d Supp. 7, 10-11 (1990) (analyzing contractual language not including the term "reimburse"); *Lolley v. Campbell*, 28 Cal. 4th 367, 375-76 (Cal. 2002) (same); *Rosenauer v. Scherer*, 88 Cal. App. 4th 260, 281, 283 (Cal. App. 3d Dist. 2001) (analyzing the term "incurred" but not analyzing the term "reimburse," even though it was part of the fee agreement); *Moran v. Oso Valley Greenbelt Ass'n*, 117 Cal. App. 4th 1029, 1035-36 (Cal. App. 4th Dist. 2004) (analyzing the right to recover attorneys' fees under a statute not involving the term "reimburse"); *Voice v. Stormans Inc.*, 757

18

F.3d 1015, 1016-17 (9th Cir. 2014) (analyzing award of attorneys' fees as a sanction and not involving the term "reimburse.").

In short, the district court's focus on the language of Section 1717 missed the point. While both Section 1717 and the contractual provisions at issue here have the term "incur," Section 1717 does *not* have the term "reimburse." Because the term "reimburse" is part of the contractual language, it must be interpreted on its own terms. And under those terms, it plainly means that the losing party must "repay" any attorneys' fees and costs that have been "incurred" by the prevailing party. If the prevailing party has not actually paid for any fees or costs due to pro bono legal representation, then, by definition, it cannot be "repaid" for such fees or costs.

In short, the district court erred in its interpretation of the fee and costs provisions of the Exhibitors Agreements. Its award of attorneys' fees and costs against CMP, et al., and Contemnors cannot stand, and this Court should reverse.

## CONCLUSION

This Court should reverse the award of attorneys' fees and costs.

Respectfully submitted,

*/s/ John M. Reeves*
John M. Reeves
REEVES LAW LLC
7733 Forsyth Blvd.,
  Suite 1100–#1192
St. Louis, MO 63105
(314) 775-6985
reeves@appealsfirm.com

Harmeet K. Dhillon
Mark P. Meuser
Jesse Franklin-Murdock
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. 415-433-1700
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com
jfm@dhillonlaw.com

*Attorneys for Appellants the
Center for Medical Progress,
BioMax Procurement Services,
LLC, David Daleiden, and
Gerardo Adrian Lopez*

*/s/ Matthew J. Geragos*

20

Matthew J. Geragos
GERAGOS LAW GROUP
700 N. Brand Blvd.
Glendale, CA 91203
213-232-1363
matthew@geradoslaw.com
*Attorney for Appellants Steven*
*Cooley and Brentford Ferreira*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** | 21-16983, 22-15102, 24-1948

I am the attorney or self-represented party.

**This brief contains** | 2,409 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [          ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s John M. Reeves | **Date** | 7-23-2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                          *Rev. 12/01/22*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** | 21-16983, 22-15102, 24-1948

The undersigned attorney or self-represented party states the following:

○   I am unaware of any related cases currently pending in this court.

○   I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

◉   I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

> Planned Parenthood Fed. of America, Inc. v. Center for Medical Progress, et al., No. 21-15124. This appeal challenges the award of attorneys' fees at the trial level based on the same underlying events as the present appeal.
>
> Planned Parenthood Fed. of America, Inc. v. Center for Medical Progress, et al., Nos. 24-3526, 24-3532, and 204-3536. These consolidated appeals challenge the award of appellate-level attorneys' fees based on the same underlying events as the present appeal.

**Signature** | /s John M. Reeves    **Date** | 7-23-2024

*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 17**        *New 12/01/2018*