**Nos. 21-16983, 22-15102, 24-1948**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NATIONAL ABORTION FEDERATION,

*Plaintiff-Appellee*,

v.

CENTER FOR MEDICAL PROGRESS, ET AL.,

*Defendants-Appellants*.

Appeal from the United States District Court
for the Northern District of California, San Francisco,
No. 3:15-cv-03522-WHO, Hon. William H. Orrick

## PLAINTIFF-APPELLEE'S RESPONSE BRIEF

AILEEN M. MCGRATH
CAITLIN SINCLAIRE BLYTHE
ZACH ZHENHE TAN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7065
ZTan@mofo.com
AMcGrath@mofo.com
CBlythe@mofo.com

*Counsel for Plaintiff-Appellee National Abortion Federation*

NOVEMBER 20, 2024

## CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellee National Abortion Federation ("NAF") is a not-for-profit organization incorporated in Missouri and headquartered in Washington, D.C. It does not have any parent corporation and no publicly held corporation owns ten percent or more of its stock.

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ......................................................i

TABLE OF AUTHORITIES ...................................................................iv

INTRODUCTION ..................................................................................1

STATEMENT OF THE ISSUES...............................................................2

RELEVANT STATUTORY PROVISIONS ...............................................3

JURISDICTIONAL STATEMENT ...........................................................3

STATEMENT OF THE CASE...................................................................4

     A.    Factual Background...................................................................4

     B.    Entry and Appeal of Preliminary Injunction..........................5

     C.    Violation of Preliminary Injunction & Related Contempt & Sanctions Proceedings............................................................6

     D.    Summary Judgment & Permanent Injunction.......................7

     E.    Attorney's Fees Awards .........................................................8

SUMMARY OF ARGUMENT ................................................................10

ARGUMENT .........................................................................................11

I.    NAF IS ENTITLED TO ATTORNEY'S FEES FROM CONTEMNORS................................................................................11

II.    NAF IS ENTITLED TO ATTORNEY'S FEES FROM DEFENDANTS ................................................................................12

     A.    NAF Is Entitled To Attorney's Fees Under Section 1717 of the California Civil Code .........................................................13

     B.    California Courts Have Firmly Rejected Defendants' Attempts to Cabin The Reach Of Section 1717................................15

C.  Defendants' Interpretation Of Section 1717 Would Undermine California Statutory Policy..................................................22

CONCLUSION .........................................................................23

STATEMENT OF RELATED CASES ....................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arpin v. Santa Clara Valley Transp. Agency*,
  261 F.3d 912 (9th Cir. 2001) ...............................................................12

*Beverly Hills Props. v. Marcolino*,
  221 Cal. App. 3d Supp. 7 (1990) ......................................................17, 18, 22

*Cisneros v. Vangilder*,
  No. 21-15363, 2022 WL 1500805 (9th Cir. May, 12, 2022) ...........................23

*Dixie State Bank v. Bracken*,
  764 P.2d 985 (Utah 1988)...................................................................21

*International Billing Servs., Inc. v. Emigh*,
  84 Cal. App. 4th 1175 (2000) ...................................................15, 16, 17, 18, 23

*International Indus., Inc. v. Olen*,
  21 Cal. 3d 218 (1978) ................................................................19, 21

*Lolley v. Campbell*,
  28 Cal. 4th 367 (2002) .......................................................................18

*McKay v. Ingleson*,
  558 F.3d 888 (9th Cir. 2005) ............................................................12

*Moran v. Oso Valley Greenbelt Assn.*,
  117 Cal. App. 4th 1029 (2004) ........................................................19

*Mountain Air Enters., LLC v. Sundowner Towers, LLC*,
  3 Cal. 5th 744 (2017) .......................................................................14

*National Abortion Fed'n, NAF v. Ctr. for Med. Progress*,
  685 F. App'x 623 (9th Cir. 2017).........................................................5

*National Abortion Fed'n v. Ctr. for Med. Progress*,
  793 F. App'x 482 (9th Cir. 2019) .........................................................6

*National Abortion Fed'n v. Ctr. for Med. Progress*,
  926 F.3d 534 (9th Cir. 2019) .................................................................6

*National Abortion Fed'n v. Ctr. for Med. Progress*,
  No. 21-15953, 2022 WL 3572943 (9th Cir. Aug. 19, 2022) ..........................7, 8

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
  No. 16-cv-236, 2019 WL 1236054 (N.D. Cal. Oct. 17, 2017) ..........................7

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
  No. 20-16068, 2022 WL 13613963 (9th Cir. Oct. 21, 2022) ..........................7

*PLCM Grp., Inc. v. Drexler*,
  22 Cal. 4th 1084 (2002) ...........................................13, 14, 18, 21

*Rogel v. Lynwood Redevelopment Agency*,
  194 Cal. App. 4th 1319 (2011) ................................................23

*Ryman v. Sears, Roebuck & Co.*,
  505 F.3d 993 (9th Cir. 2007) .................................................18

*Santisas v. Goodin*,
  17 Cal. 4th 599 (1988) ....................................................13, 23

*Sears v. Baccaglio*,
  60 Cal. App. 4th 1136 (1998) ...............................................13, 20

*In re Suarez Garcia*,
  603 B.R. 640 (Bankr. E.D. Cal. 2019)........................................19, 20

*TruGreen Cos., LLC v. Mower Bros., Inc.*,
  570 F. App'x 775 (10th Cir. 2014) ......................................19, 20, 21

**Statutes**

CAL. CIV. CODE § 1717(a)...........................................................3, 13, 14

CAL. CIV. CODE § 1717(b)(1)...............................................................14

## INTRODUCTION

Throughout NAF's multi-year efforts to enforce its contractual confidentiality rights, Defendants and Contemnors have litigated and lost multiple injunction, contempt, and sanctions disputes before the district court, this circuit, and the U.S. Supreme Court. At the end of that lengthy process, the district court ordered both Defendants and Contemnors to pay attorney's fees to NAF—but on differing grounds for each set of parties. As to Defendants, the district court expressly acted under Section 1717 of the California Civil Code, a state law authorizing courts to award fees to the prevailing party in contractual disputes where, as here, the underlying contract contains an attorney's fees provision.[1] As to Contemnors, the fee award was grounded in the district court's independent authority to secure compliance with a preliminary injunction that Contemnors had repeatedly breached.

While Defendants and Contemnors raised multiple separate objections to their respective attorney's fees awards below, they file a joint brief on appeal that asserts a single argument: that NAF should be categorically denied attorney's fees because it secured pro bono representation. That argument is no basis to overturn any of the district court's fee awards.

---

[1] Because this appeal concerns the application of Section 1717, NAF uses the specific term "attorney's fees" as it appears within that statutory provision.

As to Contemnors, the only argument raised on appeal is directed exclusively to the scope of Defendants' contract with NAF and the application of Section 1717. Those issues are entirely irrelevant to the district court's award of attorney's fees against Contemnors, which was grounded in an independent remedial authority to prevent further violations of a court-ordered injunction. Contemnors have hence waived any challenge to the fee award against them.

As to Defendants, the district court properly exercised its statutory authority under Section 1717 to award attorney's fees, correctly rejecting Defendants' arguments that this state law cannot apply given the terms of the parties' contract and the pro bono nature of NAF's representation. Indeed, California courts have firmly rejected similar attempts to cabin the scope of Section 1717. This Court should defer to those California appellate decisions interpreting California law and affirm the district court's attorney's fees award.

## STATEMENT OF THE ISSUES

I.     In ordering that Contemnors pay NAF's attorney's fees, the district court acted under its authority to secure compliance with a preliminary injunction that Contemnors had repeatedly breached. On appeal, Contemnors have filed a joint brief with Defendants, but make zero argument that is relevant to the district court's specific fee award against them.

2

The issue on appeal as to Contemnors is: Have Contemnors waived all arguments against the district court's attorney's fees award against them?

II.     "In any action on a contract," Section 1717 of the California Civil Code provides that the "prevailing party . . . shall be entitled to reasonable attorney's fees" if "the contract specifically provides that attorney's fees and costs . . . shall be awarded either to one of the parties or to the prevailing party." CAL. CIV. CODE § 1717(a).

Here, recognizing that the parties' contract contained an attorney's fees provision and rejecting Defendants' argument that NAF should be denied attorney's fees because it was represented pro bono, the district court exercised its statutory authority under Section 1717 and awarded NAF attorney's fees.

The issue on appeal as to Defendants is: Did the district court correctly award attorney's fees to NAF based on Section 1717?

## RELEVANT STATUTORY PROVISIONS

Pursuant to Circuit Rule 28-2.7, the full text of Section 1717 is set forth in the addendum bound with this brief.

## JURISDICTIONAL STATEMENT

NAF agrees with Defendants and Contemnors as to the basis for the district court's jurisdiction and this Court's jurisdiction on appeal. NAF also agrees that this

consolidated appeal is a timely appeal of the district court's orders awarding NAF trial and appellate-level attorney's fees.

## STATEMENT OF THE CASE

As the district court recounted in its orders awarding attorney's fees, this case involves a "long, unusually complex litigation" history. 1-ER-3. The key details are briefly summarized.

### A.    Factual Background

NAF is a non-profit professional association of abortion providers. It holds annual meetings where it provides continuing education and training. 1-SER-8. Because of a long and well-documented history of harassment, threats, violence, and intimidation against its members, NAF requires all meeting attendees to sign confidentiality agreements. *Id.* Additionally, exhibitors at these meetings sign a second contract, agreeing to hold "in trust and confidence any confidential information received in the course of exhibiting" at NAF's meetings. 1-SER-9. Exhibitors agree to "reimburse NAF for all costs incurred by NAF, including reasonable attorneys' fees," for "any violations of any provision" of the exhibitor agreement. *Id.*

In 2014 and 2015, Defendant David Daleiden and other members of his anti-abortion advocacy organization, Defendant Center for Medical Progress ("CMP"), infiltrated NAF's annual meetings under the guise of being representatives of a tissue

4

procurement company, Defendant BioMax Procurement Services, LLC. 1-SER-9. Before entering the meetings, they signed both the attendee confidentiality agreements and exhibitor contracts. *Id.* Once inside, they surreptitiously recorded more than 500 hours of footage and stole a variety of confidential materials. *Id.* CMP then began distributing misleadingly edited videos about meeting attendees, causing an unprecedented spike in harassment and violence against NAF members. *Id.*

### B.    Entry and Appeal of Preliminary Injunction

To protect its members, preserve the integrity of its meetings, and enforce its contractual confidentiality rights, NAF engaged pro bono counsel and filed suit for breach of contract and other causes of action. 1-SER-9.

In July 2015, the district court entered a temporary restraining order that prevented Defendants from further violating their confidentiality obligations. 1-ER-19. Upon further consideration of the evidentiary record and dozens of other interim motions, the district court entered a preliminary injunction against Defendants. 1-ER-20. Defendants appealed the preliminary injunction, and this Court affirmed. *See Nat'l Abortion Fed'n, NAF v. Ctr. for Med. Progress*, 685 F. App'x 623 (9th Cir. 2017), *cert. denied*, Nos. 17-202, 17-482 (U.S. Apr. 2, 2018).

**C.** **Violation of Preliminary Injunction & Related Contempt & Sanctions Proceedings**

Soon after the entry of the Preliminary Injunction, Contemnors Steven Cooley and Brentford Ferreira (along with Defendants) violated that injunction by publicly posting portions of the confidential recordings. 1-SER-89-112. NAF moved for a finding of contempt and sanctions, which the district court granted after notice and a review of the evidentiary record. *Id.* As part of that contempt order, and pursuant to its authority to "secure . . . current and future compliance" with the preliminary injunction, the district court held Defendants and Contemnors "jointly and severally liable" for NAF's attorney's fees. 1-SER-110.

Thereafter, Defendants moved to dissolve, modify, or clarify the preliminary injunction on the grounds that the injunction infringed on Defendant Daleiden's supposed constitutional rights to use those recordings in relation to state criminal proceedings against him. 1-ER-5. The district court denied the motion. *Id.*

Contemnors and Defendants appealed both the sanctions order and the district court's refusal to modify the injunction. As to the modification of the injunction, this Court affirmed the district court's order. *See Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 793 F. App'x 482 (9th Cir. 2019). As to the sanctions order, this Court dismissed the appeal for lack of jurisdiction, and denied Contemnors' and Defendants' petitions for rehearing and rehearing en banc. *See Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 926 F.3d 534 (9th Cir. 2019). Contemnors and Defendants

6

filed a petition for certiorari with the U.S. Supreme Court, which the Supreme Court denied. 1-ER-5.

**D.   Summary Judgment & Permanent Injunction**

In early 2021, NAF moved for summary judgment and the entry of a permanent injunction against Defendants. 1-SER-10. NAF argued that in a separate action against Defendants, Defendants had already been found to be in breach of the confidentiality and exhibitor agreements—a ruling this Court affirmed on appeal. *Id.*; *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-236, 2019 WL 1236054 (N.D. Cal. Oct. 17, 2017); *Planned Parenthood Fed'n of Am., Inc. v. Newman*, No. 20-16068, 2022 WL 13613963 (9th Cir. Oct. 21, 2022).

In April 2021, the district court granted NAF's motion for summary judgment, entered judgment in NAF's favor on its breach of contract claims, and issued a permanent injunction enjoining Defendants from further disclosure of the confidential materials. 1-ER-5-6. Defendants again appealed to this Court, which affirmed the district court's ruling. *See Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, No. 21-15953, 2022 WL 3572943 (9th Cir. Aug. 19, 2022). As part of this ruling, this Court also affirmed the district court's earlier contempt order on its merits, holding that the district court "did not err in holding Cooley and Ferreira in

contempt." *See id.* at \*2. Defendants petitioned the Supreme Court for certiorari, and their petition was again denied. 1-ER-6.

### E.    Attorney's Fees Awards

Throughout this years-long litigation, NAF's counsel has twice requested attorney's fees before the district court.

NAF first moved for fees in July 2021, after the district court's entry of judgment and the permanent injunction against Defendants. 5-ER-996. At that time, NAF's counsel had already expended close to 17,000 hours of attorney and paralegal time, amounting to $11,233,917 in fees. 5-ER-997. As outlined above, this work included numerous motions before the district court and appeals to the Ninth Circuit and Supreme Court.

Of that over eleven million dollars, NAF sought only $7,409,103. 5-ER-997. NAF reached this reduced figure by excluding all hours worked in connection with sanctions proceedings, omitting any biller who billed less than 100 hours, and then applying a further 25% across-the-board reduction. *Id.* As basis for the district court's authority to grant a fee award, NAF pointed to Section 1717 of the California Civil Code and the attorney's fees provision set out in the exhibitor agreement. 5-ER-1011.

The district court granted NAF's request for fees, but only after "substantially" reducing the fee award to ensure its reasonableness. 1-ER-17.

8

Critically for purposes of this appeal, the district court rejected Defendants' argument that NAF should be categorically denied attorney's fees given their pro bono representation. 1-ER-22-24. Stressing the "import of California Civil Code section 1717" and the "[a]mple authority" from California courts "applying Section 1717 and similarly worded statutes" even where one party was represented pro bono, the district court held that NAF was entitled to reasonable attorney's fees. *Id.*

In March 2024, after all appellate review of the district court's entry of summary judgement had run its course and pursuant to this Court's instructions referring the issue of appellate attorney's fees to the district court, NAF then applied for separate sets of appellate attorney's fees against Defendants and Contemnors.

As to Defendants, NAF sought $479,137 in fees, again invoking Section 1717. 1-SER-8. In response, Defendants repeated their argument that NAF should be categorically denied all fees given their pro bono status. 2-ER-66-67. Recognizing that Defendants' argument had been "addressed and rejected" in its prior order, the district court awarded fees to NAF. 1-ER-10.

Separately, NAF sought $239,174 from Contemnors. 2-ER-102. As the basis for these appellate fees, NAF pointed to the fact that the district court's contempt order already contained a grant of attorney's fees to NAF, and to caselaw establishing that "a party may recover attorneys' fees incurred on appeal for

9

defending a civil contempt award that included a grant of attorneys' fees." 2-ER-109. Contemnors never challenged this legal basis for awarding fees, instead arguing only that the particular amount of fees requested was unreasonable. 2-ER-94-97. The district court granted NAF's request for appellate attorney's fees from Contemnors, but again with a 10% reduction to ensure the reasonableness of the fee award. 1-ER-13.

Defendants and Contemnors appealed the separate attorney's fees orders against them. The only issue raised in their joint opening brief is whether the district court erred in awarding NAF attorney's fees because NAF secured pro bono representation.

## SUMMARY OF ARGUMENT

I.    In ordering that Contemnors pay attorney's fees, the district court relied on its authority to ensure current and future compliance with the preliminary injunction that Contemnors had repeatedly violated. Contemnors never challenged that legal basis below, and the joint brief they have filed with Defendants on appeal does not raise any challenge to the district court's authority either. Contemnors have thus waived any argument that the district court erred in ordering the fee award against them.

II.    In ordering that Defendants pay attorney's fees, the district court properly exercised its statutory authority under Section 1717. Section 1717

10

authorizes courts to award attorney's fees to the prevailing party in a contractual dispute where, as here, the underlying contract contains an attorney's fees provision. Defendants' contrary arguments—focusing on the contract's use of the term "reimburse" and the pro bono nature of NAF's representation—have been rejected time and again by California courts applying Section 1717. This Court should reject Defendants' solicitation to undermine California statutory law and depart from the state judicial precedent applying that state law.

## ARGUMENT

Defendants and Contemnors' sole argument on appeal lies on the misapprehension that "[t]he entire basis for NAF's claim to attorneys' fees and costs was a single sentence" in the contract between NAF and Defendants. Opening Br. 11. That assertion fundamentally mischaracterizes the basis for the district court's separate fee awards against Defendants and Contemnors.

## I. NAF IS ENTITLED TO ATTORNEY'S FEES FROM CONTEMNORS

Starting with Contemnors, the district court's award of fees against this set of parties had nothing to do with the contract between NAF and Defendants. Instead, as explained above, the district court's award of trial-level attorney's fees against Contemnors was expressly grounded in its independent authority to ensure current and future compliance with the preliminary injunction that Contemnors repeatedly

11

violated. 1-SER-110. This authority extended to the award for appellate attorney's fees that is the subject of this appeal. 2-ER-94.

Contemnors' appeal presents an open and shut case of waiver. Contemnors did not challenge the district court's remedial authority to award fees below. Similarly on appeal, Contemnors merely file a joint brief with Defendants that attacks the fee awards against *Defendants*, but is devoid of any argument challenging the specific fee award against them. Given this clear waiver, this Court need go no further in affirming the fee award against Contemnors and disposing of their appeal. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2005) (arguments not raised in an appellant's opening brief are waived); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (arguments are waived if they are "not specifically and distinctly argued and raised in a party's opening brief").

## II.    NAF IS ENTITLED TO ATTORNEY'S FEES FROM DEFENDANTS

The misapprehension that the district court's award was grounded solely on a "single sentence" in the contract between NAF and Defendants (Opening Br. 11) is also wrong as to the fee awards against Defendants. To the contrary, the district court expressly grounded its fee award in Section 1717 of the California Civil Code and emphasized the "import" of that statutory provision. 1-ER-22. Defendants' various attempts at disregarding that state law have been decisively rejected by the California courts.

A. **NAF Is Entitled To Attorney's Fees Under Section 1717 of the California Civil Code**

Section 1717 states, as relevant, that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs . . . shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." CAL. CIV. CODE § 1717(a).

As originally enacted, Section 1717 was designed only to "establish mutuality of remedy when a contract makes recovery of attorney fees available only for one party." *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1090-91 (2002). However, as "subsequently amended," Section 1717 "applies equally to reciprocal attorney fee provisions" and serves the broader equitable goal of establishing the "'uniform treatment of fee recoveries in actions on contracts containing attorney fee provisions.'" *Id.* (quoting *Santisas v. Goodin*, 17 Cal. 4th 599, 616 (1988)); *see also Sears v. Baccaglio*, 60 Cal. App. 4th 1136, 1146 (1998) (describing change in statutory language that expanded the scope of Section 1717).

In line with this statutory purpose of establishing the uniform treatment of fee recoveries in contract actions, the only relevant predicate questions that California courts ask are (1) whether a contract between the parties "specifically provides that attorney's fees and costs . . . shall be awarded" to either *or* both parties, CAL. CIV. CODE § 1717(a), and (2) whether the legal dispute for which fees are being claimed

13

arises out of an alleged breach of that contract. *See, e.g.*, *Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 3 Cal. 5th 744, 752-761 (2017) (assessing whether the assertion of an "affirmative defense" fell within the scope of a contract's attorney's fees provision).

Crucially, once Section 1717 is triggered, the court's power to grant attorney's fees is then derived from "'statute, rather than . . . contract.'" *PLCM Grp.*, 22 Cal. 4th at 1091. For example, a court applying Section 1717 must exercise its own authority to "determine who is the party prevailing" and also to "fix[]" the amount of "[r]easonable attorney's fees." CAL. CIV. CODE § 1717(a), (b)(1). And when a court exercises this *statutory* authority under Section 1717, it is no longer bound by the particular "terms of the contract" and may award amounts or sets of fees even if the *contractual* language says otherwise. *PLCM Grp.*, 22 Cal. 4th at 1096.

Here, the underlying legal proceeding was "an action on a contract" between NAF and Defendants, and that contract contained a specific attorney's fees provision that provided fees to "one of the parties." CAL. CIV. CODE § 1717(a). Recognizing "the import of California Civil Code section 1717," the district court exercised its authority under that statutory provision to award reasonable attorney's fees to NAF. 1-ER-22. Because Defendants do not challenge any secondary questions about the reasonableness of the fee awards on appeal, that should be the end of this Court's inquiry.

14

**B.      California Courts Have Firmly Rejected Defendants' Attempts to Cabin The Reach Of Section 1717**

With no answer to the only real question in this case, Defendants instead try to muddy the waters by making two variations of the same argument, both focusing on the specific attorney's fees contractual language.  Neither shows that NAF should be categorically denied fees, and California courts have decisively rejected those attempts to narrow Section 1717.

First, Defendants appear to argue that Section 1717 is not triggered here, because the language of the underlying contract states that Defendants should "reimburse" NAF for attorney's fees.  According to Defendants, this contractual reference to "reimburse[ment]" is not sufficiently similar to Section 1717's language referring to contracts that "award[]" attorney's fees to either party.  Opening Br. 15-16; *see also id.* ("critically, the [contractual] language does not say that NAF shall be 'awarded'" fees).

California authority directly forecloses Defendant's argument.  In *International Billing Services, Inc. v. Emigh*, 84 Cal. App. 4th 1175 (2000), the California Court of Appeal considered the identical argument that Section 1717 could not apply because the contract stated that one party "promise[d] to reimburse" the other for legal fees.  *Id.* at 1182-1183.  Holding otherwise, the California court reasoned that "there is no magic formulation for a fees provision," and that the contractual language there—including the specific "use of 'reimburse'"—

15

sufficiently constituted a fees provision for purposes of Section 1717. *Id.* at 1183; *see also id.* at 1183-1184 ("There is no legislative form language required by section 1717, so long as the agreement authorizes an award of fees incurred to enforce the contract."). Indeed, given the California appellate court's express consideration of the term "reimburse" in the context of applying Section 1717, Defendants' assertion that no cited case "involved an interpretation of the word 'reimburse'" (Opening Br. 18) is severely misleading.

Focusing on the same contractual reference to "reimburse[ment]," Defendants shift to a different argument: Even if Section 1717 applies, the contractual language of "reimbursement" nevertheless precludes an award of attorney's fees "if payment has not been made beforehand," such that "no reimbursement can be made." Opening Br. 16. According to Defendants, this would mean that NAF should be categorically denied an award for attorney's fees since it was represented pro bono and thus had not made any payment to its lawyers.

Again, Defendants' argument has been specifically rejected by the California courts applying Section 1717. In *International Billing Services*, the court too addressed the objection that because the "fees provision speaks in terms of reimbursement of fees," no Section 1717 award could be granted where the prevailing party "never actually paid fees" and instead had a third party assume their payment obligations. 84 Cal. App. 4th at 1194. In rejecting this argument, the

16

*International Billing Services* court relied on additional California authority expressly holding that Section 1717 could apply where a party had secured pro bono representation.

Specifically, in *Beverly Hills Properties v. Marcolino*, 221 Cal. App. 3d Supp. 7 (1990), another California appellate court rejected the very argument Defendants make here—that Section 1717 "requires the prevailing party to have *actually* incurred legal fees to collect them" and thus cannot apply to pro bono representation. *Id.* at 11 (emphasis in original). Instead, because Section 1717 "simply provides that a prevailing party is entitled to attorney fees and costs, '*which are incurred* to enforce that contract,'" it provides a "remedy for a prevailing party who has not actually incurred legal fees, but whose attorneys have incurred costs and expenses in defending the prevailing party on the underlying agreement." *Id.* (emphasis in original). The court emphasized that interpreting Section 1717 in this manner furthered the statute's "equitable principles," because a contrary holding would "discourage the representation by private counsel of those who cannot afford to pay attorney fees or costs." *Id.* at 12.

Notably, the court in *Beverly Hills Properties* reached that holding despite language in the parties' contract *expressly* precluding attorney's fees for pro bono representation. 221 Cal. App. 3d Supp. at 10 n.3. After all, once Section 1717 is triggered, the court's authority to award attorney's fees is grounded in statute, and

17

the underlying contractual language takes a backseat to the equitable concerns that undergird Section 1717. *Supra* at 14. Here, the district court thus properly recognized the "import of California Civil Code section 1717" and rejected Defendants' attempts to defeat NAF's statutory entitlement to fees by a misplaced reliance on the contractual reference to "reimburse[ment]." 1-ER-22.

This Court's deference to the appellate decisions of *International Billing Services* and *Beverly Hills Properties* is sufficient to decide this case. Where "there is relevant precedent from the state's intermediate appellate court," this Court is bound to follow that decision "unless [it] finds convincing evidence that the state's supreme court likely would not follow it." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).

Here, all evidence points to the opposite. For one, the California Supreme Court has cited *Beverly Hills Properties* favorably, endorsing both the general principle that Section 1717 must be applied with an eye toward equity and the particular rule that Section 1717 can apply even where a prevailing party does not "actually pay[] or become[] liable to pay from his own assets." *Lolley v. Campbell*, 28 Cal. 4th 367, 374 (2002); *see also PLCM Grp.*, 22 Cal. 4th at 1094-1096 (citing *Beverly Hills Properties* and expressly recognizing that the decision "affirm[ed] an award of reasonable attorney fees for pro bono legal services").

18

For another, there is no disagreement among the California intermediate appellate courts on this issue. Rather, as another California appellate court recognized, "all recent jurisprudence" on California's various fee-shifting provisions supports the proposition that a litigant's pro bono status is not grounds for denial of a statutorily granted attorney's fee award. *Moran v. Oso Valley Greenbelt Assn.*, 117 Cal. App. 4th 1029, 1035-1036 (2004). Indeed, that decision held that Defendants' argument "lacks any merit whatsoever" under California law. *Id.* at 1036. Defendants have no convincing answer to this authority, except to insist that none of those decisions should persuade because they did not address the contractual term "reimburse." Opening Br. 18. But this position is again based on the misapprehension that a technical application of the underlying contractual language can be used to narrow the reach of Section 1717. *See Int'l Indus., Inc. v. Olen*, 21 Cal. 3d 218, 224 (1978) ("equitable" application of Section 1717 "must prevail over . . . the technical rules of contractual construction").

Without any support in California jurisprudence interpreting this California statute, Defendants resort to a decision from the Tenth Circuit interpreting Utah's distinct attorney's fees provision. [2] In *TruGreen Companies, LLC v. Mower*

---

[2] Defendants also cite *In re Suarez Garcia*, 603 B.R. 640, 647 (Bankr. E.D. Cal. 2019), for the proposition that "§ 1717 'does not create a substantive right to attorney's fees'" and that the provision only ensures "reciprocal" treatment of unilateral attorney's fees provisions. Opening Br. 15. But that case concerned a party who, despite seeking fees, could not identify any "'contractual' attorney's fees

*Brothers, Inc.*, 570 F. App'x 775 (10th Cir. 2014), a prevailing party argued that it was entitled to attorney's fees for a breach of contract action under "Utah's reciprocal fee statute" because under the party's contract, the losing party had "retained the right to seek 'reimburse[ment]'" of legal fees. *Id.* at 777 (alteration in original). Interpreting Utah's statute as "ensur[ing] *only* that both sides receive the benefit of a contractual fee-shifting provision," the Tenth Circuit held that a party could not be awarded attorney's fees because a third party had "assumed sole liability for" the prevailing party's "litigation fees and costs." *Id*. (emphasis in original). According to the Tenth Circuit, no fees could be awarded in these circumstances because there was "nothing to *reimburse*" the prevailing party for. *Id.* (emphasis in original).

Whatever force the Tenth Circuit's decision might have with regard to Utah law, it has no persuasive value in interpreting Section 1717. Most fundamentally, the Tenth Circuit's premise that "Utah's statute" provides no statutory protections "beyond guaranteeing reciprocity," *TruGreen*, 570 F. App'x at 777, is entirely incompatible with California law. As mentioned above, *supra* at 13, California courts have come to the exact opposite conclusion, holding that Section 1717 serves "equitable" aims "beyond mere reciprocity." *Sears*, 60 Cal. App. 4th at 1148; *see*

---

provision" at all. 603 B.R. at 647. And to the extent the bankruptcy court intended to depart from California jurisprudence concerning the reach of Section 1717, California authority on California law prevails.

*also PLCM Grp.*, 22 Cal. 4th at 1090-1091 ("history of the statute 'consistently . . . demonstrates legislative intent to expand the original ambit of the statute'" beyond its original goals of merely ensuring reciprocity).

Flowing from that crucial distinction, the Tenth Circuit's notion that a party's entitlement to fees must be tied to the "plain terms" of the contract, *TruGreen*, 570 F. App'x at 777, is also fundamentally at odds with how California courts apply Section 1717. *Compare Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988) ("[i]f provided for by contract, the award of attorney fees is allowed only in accordance with the terms of the contract") *with PLCM Grp.*, 22 Cal. 4th at 1096 ("Although the terms of the contract may be considered, they 'do not compel any particular award.'"); *Olen*, 21 Cal. 3d at 224 (Section 1717 "reflects legislative intent that equitable considerations must prevail over . . . the technical rules of contractual construction"). As explained above, *supra* at 14, once Section 1717 is triggered due to the presence of a contractual attorney's fees provision, a court's authority to award attorney's fees is grounded in statute and *not* tied to the precise terms of the contract. It is for that reason that while the Tenth Circuit's focus on the contractual term "reimburse" could have justified a denial of fees in *TruGreen*, California courts have rightly rejected a similar argument when applying Section 1717.

**C.** **Defendants' Interpretation Of Section 1717 Would Undermine California Statutory Policy**

Apart from being contrary to directly on-point California authority, Defendants' arguments essentially ask this Court to severely undermine the established statutory policy underlying Section 1717. As discussed, the California legislature designed Section 1717 to prioritize the goals of equity and uniformity, *supra* at 13, and the California courts have repeatedly applied that provision in line with those statutory mandates.

Defendants' arguments would result in the very forms of inequity and inconsistency that Section 1717 guards against. For one, counsel would be discouraged from representing a party pro bono, so long as that party's contract uses the term "reimburse" when speaking of attorney's fees. As the California court recognized in *Beverly Hills Properties*, such an application of Section 1717 would "discourage the representation by private counsel of those who cannot afford to pay attorney fees or costs" and run directly counter to the statute's equitable goals. 221 Cal. App. 3d Supp. at 12.

Additionally, even if a party manages to secure pro bono representation, pro bono counsel would still be pressured to limit their out-of-pocket costs, given their categorical inability to recover these expenses. In contrast however, paid counsel for the other side would not face a similar incentive since Section 1717 would entitle them to "reimbursement" of fees in the case of victory. Indeed, nothing in

22

Defendants' argument would have prevented *them* from seeking "reimbursement" for expenses incurred by their paid counsel had they defeated NAF's breach of contract claim and prevailed in this multi-year dispute. Such an unequal incentive structure is at loggerheads with Section 1717's goals of "establish[ing] uniform treatment of fee recoveries in actions on contracts containing attorney fee provisions." *Santisas*, 17 Cal. 4th at 616; *see also Int'l Billing Servs.*, 84 Cal. App. 4th at 1194 (emphasizing that Section 1717 must be applied to ensure even-handed outcomes regardless of who prevails).

Where this Court has applied California fee-shifting statutes, it has adhered to the California courts' interpretation of those statutes and respected the state policy undergirding those laws. *See Cisneros v. Vangilder*, No. 21-15363, 2022 WL 1500805, at *2 (9th Cir. May, 12, 2022) (observing that "[u]nder California law, counsel's pro bono status cannot be used to justify a reduction of fees under §1021.5" and recognizing the state's rationale that "'public interest litigation should not have to rely on the charity of counsel'") (citing *Rogel v. Lynwood Redevelopment Agency*, 194 Cal. App. 4th 1319, 1332 (2011)). As the district court recognized here, the overwhelming weight of California law rejects Defendants' attempt to undermine Section 1717. This Court should reach that same conclusion on appeal.

## CONCLUSION

This Court should affirm the district court's awards of attorney's fees.

Dated:  November 20, 2024          Respectfully submitted,

<u>/s/ Zach ZhenHe Tan</u>
Aileen M. McGrath
Caitlin Sinclaire Blythe
Zach ZhenHe Tan
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7065
ZTan@mofo.com
AMcGrath@mofo.com
CBlythe@mofo.com

*Counsel for Plaintiff-Appellee National Abortion Federation*

## STATEMENT OF RELATED CASES

For purposes of Cir. R. 28-2.6, Defendants have identified all related cases in their opening brief.

Dated:  November 20, 2024

s/ Zach ZhenHe Tan
_____
Zach ZhenHe Tan

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  21-16983, 22-15102, 24-1948

I am the attorney or self-represented party.

**This brief contains** 5,127 **words,** including 0 words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated _____ .

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**  s/ Zach ZhenHe Tan     **Date** 11/20/24

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                                     *Rev. 12/01/22*

# STATUTORY ADDENDUM

# STATUTORY ADDENDUM
## TABLE OF CONTENTS

CAL. CIV. CODE § 1717 .................................................................A-1

CAL. CIV. CODE § 1717

(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract.

Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

(b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2),

the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

(2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section.

Where the defendant alleges in his or her answer that he or she tendered to the plaintiff the full amount to which he or she was entitled, and thereupon deposits in court for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be a party prevailing on the contract within the meaning of this section.

Where a deposit has been made pursuant to this section, the court shall, on the application of any party to the action, order the deposit to be invested in an insured, interest-bearing account. Interest on the amount shall be allocated to the parties in the same proportion as the original funds are allocated.

(c) In an action which seeks relief in addition to that based on a contract, if the party prevailing on the contract has damages awarded against it on causes of action not on the contract, the amounts awarded to the party prevailing on the contract under this section shall be deducted from any damages awarded in favor of the party who did not prevail on the contract. If the amount awarded under this section exceeds the amount of damages awarded the party not prevailing on the

A-2

contract, the net amount shall be awarded the party prevailing on the contract and judgment may be entered in favor of the party prevailing on the contract for that net amount.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system on November 20, 2024.

I certify that all participants in the case are registered ACMS users, and that service will be accomplished by the ACMS system.


Dated:  November 20, 2024

_____
s/ Zach ZhenHe Tan
Zach ZhenHe Tan